IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**MERCHANTS & FARMERS BANK**     PLAINTIFF/
                                 COUNTER-DEFENDANT

VS.                              CIVIL ACTION NO. 3:09-cv-582-WHB-LRA

**L & T CONSTRUCTION, INC.;
FISH & FISHER, INC.; RENNA
FISHER; and JACQUELINE WILLIAMS**     DEFENDANTS/
                                      COUNTER-PLAINTIFFS

### OPINION AND ORDER

This cause is before the Court on two Motions filed by Defendants, Fish & Fisher, Inc. ("Fish & Fisher"), Renna Fisher, and Jacqueline Williams.[1] Having considered the Motions, Responses, attachments to the pleadings, as well as supporting and opposing authorities, the Court finds the Motion of the Fisher Defendants to Remand should be granted, but that their Motion for Sanctions should be denied.

### I. Factual Background and Procedural History

Merchants & Farmers Bank ("M & F") and Fish & Fisher entered into three Universal Notes ("Notes") that are purportedly now in default. According to M & F, the indebtedness due under the Notes

---

[1] These defendants will be collectively referred to as the "Fisher Defendants".

totals over $600,000. In July of 2009, L & T Construction, Inc., and Fish & Fisher were involved in an arbitration proceeding through which the latter was awarded $1,283,351. Thereafter, having been advised that Fish & Fisher did not intend to pay the amounts due under the Notes with the arbitration award, M & F filed a Complaint against L & T Construction and the Fisher Defendants in the Chancery Court for the First Judicial District of Hinds County. In its Complaint, M & F alleges that under the security agreements entered in conjunction with the Notes, it possesses a lien on the arbitration award. Through its Complaint, M & F seeks, *inter alia*, injunctive relief barring Fish & Fisher from spending or using the arbitration award until the debt owed under the Notes is paid in full. On August 6, 2009, M & F filed an Amended Complaint through which L & T Construction was removed as a defendant.

On or about August 6, 2009, M & F and several other creditors initiated an involuntary bankruptcy proceeding against Fish & Fisher in the United States Bankruptcy Court for the Southern District of Mississippi. On August 24, 2009, in addition to answering the Amended Complaint in this case, the Fisher Defendants filed counterclaims/third party claims of breach of contract and tortious interference with contract against M & F and its attorneys, Jeffery Rawlings and the law firm of Rawlings & MacInnis, P.A.

On September 23, 2009, the bankruptcy court entered an Order for Relief in the Fish & Fisher bankruptcy proceeding. Thereafter, M & F removed the chancery court action to this Court under 28 U.S.C. §§ 1441 and/or 1452, alleging bankruptcy jurisdiction under 28 U.S.C. § 1334, and federal question jurisdiction based on the Federal Arbitration Act ("FAA"), codified at 9 U.S.C. S 2, *et. seq.* The Fisher Defendants have now moved for remand/abstention and for sanctions.

## II. Discussion

In seeking remand, the Fisher Defendants argue that removal of this case was improper because M & F did not first obtain relief from the automatic stay that was imposed when the involuntary bankruptcy petition was filed. Under Rule 9027(a)(2) the Federal Rules of Bankruptcy Procedure, however, in cases like the one *sub judice* in which the civil action was initiated before commencement of the bankruptcy case, a notice of removal may be filed within the longest of (A) 90 days of the order for relief, (B) 30 days of an order terminating a stay, or (C) 30 days after the qualification of a chapter 11 trustee but not later than 180 days after the order for relief. See FED. R. BANKR. P. 9027(a)(2)(A)-(C). As Rule 9027(a)(2) is written in the conjunctive, removal is proper provided the requirements of any one of the alphabetized subsections is satisfied. Here, the Order for Relief was entered

3

on September 23, 2009,[2] and the notice of removal was filed on September 24, 2009. As the requirements of Rule 9027(a)(2)(A) were satisfied, the Court finds removal was proper under that Rule and, therefore, the motion to remand on this ground should be denied. Additionally, as removal was proper under Rule 9027(a)(2)(A), the Court finds the Motion of the Fisher Defendants for Sanctions should also be denied.

Having found that the removal of this case was procedurally proper, the Court next considers whether the exercise of federal subject matter jurisdiction would likewise be proper. According to the Notice of Removal, M & F removed this case pursuant to 28 U.S.C. § 1441 on the basis of federal question jurisdiction. Specifically, M & F argues that the Court may exercise federal question jurisdiction under 28 U.S.C. § 1331 because the counterclaims alleged by the Fisher Defendants are subject to arbitration provisions that are governed by the FAA. This Court has previously held, however, that the FAA "does not create an independent basis for federal question jurisdiction" for the purpose of removal. Trawick v. Asbury MS Gray-Daniels, LLC, 244 F. Supp. 2d 697, 699 (S.D. Miss. 2003). See also Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp., 460 U.S. 1, 26 n.32 (1983) ("The

---

[2] "An order for relief is the date of the filing of a voluntary petition or the entry of an order granting an involuntary petition." Edge Petroleum Operating Co., Inc. v. Duke Energy Trading, 312 B.R. 139, 144 n.2 (S.D. Tex. 2002).

4

Arbitration Act ... creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 ... or otherwise."). Accordingly, the Court finds it may not exercise federal question jurisdiction in this case under 28 U.S.C. § 1331.

M & F also removed the subject lawsuit pursuant to 28 U.S.C. § 1452(a), under which a claim may be removed to federal district court based on its relationship to a bankruptcy action "if [the] district court has jurisdiction of such claim or cause of action under Section 1334." Section 1334, in turn, grants federal district courts original and exclusive jurisdiction of all cases under Title 11, see 28 U.S.C. § 1334(a), and grants federal district courts original but not exclusive jurisdiction over "civil proceedings arising under title 11, or arising in or related to a case under title 11." See 28 U.S.C. § 1334(b). "For the purpose of determining whether a particular matter falls within bankruptcy jurisdiction, it is not necessary to distinguish between proceedings 'arising under,' 'arising in a case under,' or 'related to a case under' title 11." In re Wood, 825 F.2d 90, 93 (5th Cir. 1987). "To determine whether a district court has jurisdiction under 28 U.S.C. § 1334, 'it is only necessary to determine whether a matter is at least 'related to' the bankruptcy.'" Allen v. City Fin. Co., 224 B.R. 347, 351 (S.D. Miss. 1998) (quoting In re Wood,

5

825 F.2d at 93). A matter is related to a bankruptcy case for Section 1334 purposes if "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy", In re Wood, 825 F.2d at 93 (alterations in original), or "if the outcome of the matter could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and ... in any way impact upon the handling and administration of the bankrupt estate." In re Walker, 51 F.3d 562, 569 (5th Cir. 1995) (alterations in original)(quotations omitted).

The Court finds that the subject lawsuit is, at a minimum, "related to" the Fish & Fisher bankruptcy proceeding because the outcome of this lawsuit could conceivably have an effect on the estate being administered therein. First, the claims alleged by M & F in the subject lawsuit, in so far as they seek an injunction requiring Fish & Fisher to pay the amounts owed on the Notes prior to using the arbitration award (which is now property of the bankruptcy estate) for any other purpose including paying other creditors, would unquestionably alter the "rights, liabilities, options, or freedom of action" of Fish & Fisher in bankruptcy. See In re Walker, 51 F.3d at 569. Second, the outcome of this case would have an effect on the bankruptcy estate because any monetary damages recovered by Fish & Fisher on its counterclaims and third party claims would necessarily accrue to the estate. See e.g. Arnold v. Garlock, Inc., 278 F.3d 426 (5th Cir. 2001)(finding that

6

proceedings "related to" a bankruptcy case include causes of action owned by the debtor which become property of the bankruptcy estate). Accordingly, the Court finds it may exercise subject matter jurisdiction pursuant to 28 U.S.C. § 1334.

Having concluded it has original jurisdiction under Section 1334, the next issue before the Court involves the manner in which that jurisdiction should be exercised. On this issue, M & F argues that the Court should transfer this case to the bankruptcy court in which the Fish & Fisher proceeding is pending pursuant to the standing Nunc Pro Tunc Referral of Bankruptcy Matters to Bankruptcy Judges Order ("Standing Order").[3] The Fisher Defendants, however, urge the Court to abstain from exercising jurisdiction, and remand the case to state court.

The Court begins its discussion by finding that the Standing Order does not preclude it from exercising jurisdiction in this case and, therefore, does not preclude it from considering the abstention arguments raised by the Fisher Defendants. See Carlton v. Baww, Inc., 751 F.2d 781, 788 (5th Cir. 1985) (explaining that a standing nunc pro tunc order of reference to the bankruptcy court

---

[3] This Order provides, in relevant part:

> Pursuant to 28 U.S.C. § 157, the District Court hereby ORDERS nunc pro tunc that any and all cases under Title 11 and any and all proceedings arising under Title 11 or arising in or related to a case under Title 11 be and hereby are referred to the Bankruptcy Judges for the Southern District of Mississippi for consideration and resolution consistent with law....

does not "preclude the district judges of that district from exercising section 1334 jurisdiction."). See also In re Wood, 84 B.R. 432, 434 (S.D. Miss. 1988)(considering the issue of abstention on a finding that "judicial economy and expeditious disposition of this case would best be served by the court's consideration of the abstention issue without referring the matter to the bankruptcy court."). On the issue of abstention, the Fisher Defendants argue that abstention is warranted under either the mandatory/permissive abstention provisions of 28 U.S.C. § 1334(c), or the equitable remand provision of 28 U.S.C. § 1452(b).

The Court finds that regardless of whether mandatory abstention could be exercised in this case, permissive abstention and/or equitable remand would be proper. With regard to permissive abstention, the Court may, in its discretion, abstain from hearing state law claims "in the interest of justice, or in the interest of comity with State courts or respect for State law." 28 U.S.C. § 1334(c)(1). See e.g. In re Wood, 825 F.2d at 93 (explaining that Section 1334(c)(1) "demonstrate[s] the intent of Congress that concerns of comity and judicial convenience should be met, not by rigid limitations on the jurisdiction of federal courts, but by the discretionary exercise of abstention when appropriate in a particular case."). "The test for permissive, or discretionary abstention is similar to the equitable remand doctrine, resulting in an overlap between the two regarding factors for a court to

consider." Dubose v. Merchants and Farmers Bank, 318 F. Supp. 2d 419, 427 (S.D. Miss. 2003). The factors considered when determining whether permissive abstention or equitable remand is appropriate include: (1) the effect or lack thereof on the efficient administration of the estate if the court recommends abstention or remand; (2) the extent to which state law issues predominate over bankruptcy issues; (3) difficult or unsettled nature of applicable law; (4) the presence of related proceeding commenced in state court or other non-bankruptcy proceeding; (5) jurisdictional basis, if any, other than Section § 1334; (6) the degree of relatedness or remoteness of proceeding to main bankruptcy case; (7) the substance rather than the form of an asserted core proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden of the bankruptcy court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; (12) the presence in the proceeding of nondebtor parties; (13) comity; and (14) the possibility of prejudice to other parties in the action. Id. at 427 (citing Chickaway v. Bank One Dayton, N.A., 261 B.R. 646, 651-52 (S.D. Miss. 2001); Searcy v. Knostman, 155 B.R. 699, 710 (S.D. Miss. 1993)).

9

Having considered the above enumerated factors, the Court finds the majority favor abstention.  First, abstention would not adversely affect the administration of the bankruptcy estate because any judgment rendered in state court as to the claims alleged by M & F and/or the counterclaims/third party claims alleged by Fish & Fisher would thereafter be referred to the bankruptcy court.  Second, state law issues, specifically with respect to the counterclaims and third party claims alleged by Fish & Fisher, predominate over any bankruptcy issues present with respect to this case.  Third, there has been no showing that the state courts would be incapable of timely deciding the state law issues raised in this case, and it does not appear that the applicable state law is either difficult or unsettled. Fourth, the subject lawsuit is only related to the bankruptcy proceeding involving Fish & Fisher, and the only basis for federal jurisdiction in this case is 28 U.S.C. § 1334.  Fifth, the degree of relatedness to bankruptcy does not appear relevant to the state court proceedings, and it likewise does not appear that the bankruptcy-related issues would unduly interfere with the state court proceedings. Sixth, in addition to the claims alleged by and against Fish & Fisher, the lawsuit also involves multiple claims that have been alleged by and/or against several other nondebtor parties. Finally, the Court finds that comity calls for abstention in favor of the state court.  For these reasons, the Court finds

that permissive abstention/equitable remand is warranted in this case.

In sum, the Court finds that while the lawsuit was properly removed to this Court under Rule 9027 of the Federal Rules of Bankruptcy Procedure, and that the Court has "related to" bankruptcy jurisdiction in this case under 28 U.S.C. § 1334, this case should nevertheless be remanded to state court under the principles of permissive abstention under 28 U.S.C. § 1334(c) and/or equitable remand under 28 U.S.C. § 1452(b). As the removal was procedurally and jurisdictionally proper, the Court denies the request of the Fisher Defendants for its remand-related attorneys' fees and costs.

### III. Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Motion of Defendants Fish & Fisher, Inc.; Renna Fisher; and Jacqueline Williams to Remand [Docket No. 3] is hereby granted. Each party is to bear their own attorneys' fees and costs incurred with respect to remand.

IT IS FURTHER ORDERED that the Clerk of Court is directed to remand this case to the Chancery Court for the First Judicial District of Hinds County, Mississippi.

11

IT IS FURTHER ORDERED that the Motion of Defendants Fish & Fisher, Inc.; Renna Fisher; and Jacqueline Williams for Sanctions [Docket No. 5] is hereby denied.

SO ORDERED this the 9th day of May, 2010.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE
