_____



**SO ORDERED,**

**Judge Edward Ellington**
**United States Bankruptcy Judge**
**Date Signed: September 1, 2017**

The Order of the Court is set forth below. The docket reflects the date entered.
_____

### IN THE UNITED STATES BANKRUPTCY COURT FOR THE
### SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| **IN RE:** | **CHAPTER 11** |
| **FISH & FISHER, INC.** | **CASE NO. 0902747EE** |

| | |
|---|---|
| Hon. Ronald H. McAlpin<br>ronald.mcalpin@usdoj.gov<br>501 East Court Street, Suite 6-430<br>Jackson, MS  39201 | Assistant U. S. Trustee |
| Hon. James W. O'Mara<br>omaraj@phelps.com<br>4270 I-55 North<br>Jackson, MS  39211-6391 | Chapter 11 Trustee |
| Hon. Luke Dove<br>1020 Highland Colony Parkway, Suite 412<br>Ridgeland, MS  39157 | Attorney for Horne LLP |

Edward Ellington, Judge

## **MEMORANDUM OPINION**

**THIS MATTER** came before the Court on the *United States Trustee's Motion to Reconsider* (Dkt. #1216) and *Response in Opposition to the U. S. Trustee's Motion to Reconsider Final Judgment* (Dkt. #1238) filed by Horne LLP.  Having considered same, the Court finds that the

*United States Trustee's Motion to Reconsider* (Dkt. #1216) is not well-taken and should be denied.

## FINDINGS OF FACT[1]

This case has been pending before this Court since 2009.  For purposes of this Opinion, the Court will not recite the long history and facts of this case.  For a more detailed account of the history of this case see *In re Fish & Fisher, Inc.,* 09-02747EE, 2010 WL 5256992, at 1-4 (Bankr. S.D. Miss. Dec. 17, 2010).

The pertinent facts relevant to the matter before the Court are as follows:

On August 18, 2010, the Court entered an *Order Authorizing Employment of Horne CPA Group as Accountants, Auditors and Tax Consultants for the Trustee* (Dkt. #344) (Order Authorizing) .  On December 17, 2010, the Court vacated the Order Authorizing.  The Court further denied the application of the Chapter 11 Trustee, James W. O'Mara, (Trustee) to employ Horne LLP (Horne) as the accounting firm for the bankruptcy estate.[2]

Subsequently, Horne filed its *Final Application for Compensation and Reimbursement of Expenses by Horne LLP* (Dkt. #458) (Application) seeking $21,774.83 in fees and $523.70 in expenses.  The Application covers the time period of September 28, 2010, to December 28, 2010.

---

[1] These proposed findings of fact and conclusions of law constitute the Court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.  To the extent any of the following findings of fact are determined to be conclusions of law, they are adopted, and shall be construed and deemed, conclusions of law.  To the extent any of the following conclusions of law are determined to be findings of fact, they are adopted, and shall be construed and deemed, as findings of fact.

[2] *See Findings of Fact and Conclusions of Law on the (1) United States Trustee's Motion to Reconsider Order Granting Application to Employ Horne LLP as Accountants and (2) Joinder of Equity Security Holders Renna Fisher and Jacqueline Williams in Motion to Reconsider Order Granting Application to Employ Horne LLP as Accountants Filed by the Debtor and the United States Trustee*, Case No. 0902747EE, Dkt. #409, Dec. 17, 2010.

The following pleadings were filed in response to the Application: (1) *United States Trustee's Objection to Final Application for Compensation and Reimbursement of Expenses by Horne LLP* (Dkt. #462); (2) *Joinder of Equity Security Holders Renna Fisher and Jacqueline Williams in United States Trustee's Objection to Final Application for Compensation and Reimbursement of Expenses by Horne LLP* (Dkt. #463); (3) *Chapter 11 Trustee's Response to United States Trustee's Objection to Final Application for Compensation and Reimbursement of Expenses by Horne LLP* (Dkt. #466); and (4) *Response of Horne LLP to United States Trustee's Objection to Final Application for Compensation and Reimbursement of Expenses by Horne LLP* (Dkt. #467).[3]

At the conclusion of the March 2, 2017, trial on the Application and the various responsive pleadings, the Court dictated its oral findings of fact and conclusions of law into the record. On March 30, 2017, the Court entered its *Final Judgment* (Dkt. #1211) (Order) memorializing its oral ruling. In the Order the Court awarded Horne fees in the reduced amount of $18,119.99 and expenses in the amount of $523.70.

The matters currently before the Court are the *United States Trustee's Motion to Reconsider* (Dkt. #1216) (Motion) and the *Response in Opposition to the U. S. Trustee's Motion to Reconsider Final Judgment* (Dkt. #1238) (Response) filed by Horne. In its Motion, the United States Trustee (UST) alleges that since Horne was never employed by the estate pursuant to 11 U.S.C. § 327,[4] Horne was not entitled to be compensated pursuant to § 328. Therefore, the UST requests that the

---

[3]On September 7, 2011, the Court entered the *Order Holding Pleadings in Abeyance* (Dkt. #511) which held the Application in abeyance. The *Order Setting Aside Order Holding Pleadings in Abeyance (Dkt. #511)* (Dkt. #1178) was entered on January 18, 2017, and the Court subsequently set the Application and responses for hearing.

[4]Hereafter, all code sections refer to the Bankruptcy Code found at Title 11 of the United States Code unless specifically noted otherwise.

Court reconsider its award of fees and expenses to Horne. In its Response, Horne alleges that the services it provided benefitted the estate and its creditors, therefore, Horne should be allowed its fees and expenses and the Motion should be denied.

## CONCLUSIONS OF LAW

### I. Jurisdiction

This Court has jurisdiction of the subject matter and of the parties to this proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core proceeding as defined in 28 U.S.C. § 157(b)(1) and (2)(A).

### II. Procedural Matter

A hearing is unnecessary for the proper disposition of the Motion. Because the UST is challenging the legal basis of the Order, a hearing would not bring to the Court's attention any matters that are not already known to it, or that could not be gleaned by the Court from the pleadings. *See Stanley v. Vahlsing (In re Vahlsing)*, 829 F.2d 565 (5th Cir. 1987).

### III. UST's Motion to Reconsider

As authority for the relief it seeks, the UST cites Federal Rules of Bankruptcy 9023 and 9024. Federal Rule of Bankruptcy Procedure 9023 makes Rule 59 of the Federal Rules of Civil Procedure applicable to a contested matter in bankruptcy proceedings. Federal Rule of Bankruptcy Procedure 9024 makes Rule 60 of the Federal Rules of Civil Procedure applicable to a contested matter in bankruptcy proceedings. For purposes of this Opinion, the Court will use Rule 59 and Rule 60.

#### A. "Motions to Reconsider"

There is no "motion to reconsider" either in the Federal Rules of Civil Procedure or in the

Federal Rules of Bankruptcy Procedure. The Fifth Circuit Court of Appeals has held that "a motion so denominated, provided that it challenges the prior judgment on the merits, will be treated as either a motion 'to alter or amend' under Rule 59(e) or a motion for 'relief from judgment' under Rule 60(b)." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *overruled on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994). If the motion is served within the relatively short time frame prescribed in Rule 59(e), the motion falls under Rule 59(e); if it is served outside that time limit, it falls under Rule 60(b). *Id.* The Motion at issue here falls under Rule 59(e), rather than Rule 60, because it was filed within fourteen (14) days after entry of the Order, which was within the time frame of Rule 59.

## B. Rule 59

### 1. Standards

In its Motion, the UST does not cite a specific subsection of Rule 59. Since no where in the Motion does the UST request or cite grounds for a new trial under Rule 59(a)-(d), the Court will presume that the UST is traveling under subsection (e) of Rule 59.

"A Rule 59(e) motion 'calls into question the correctness of a judgment.'" *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). Because of the interest in finality, Rule 59(e) motions may only be granted if the moving party shows there was a mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. Id. at 478-79."[5] Rule 59(e) serves the narrow purpose of "allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)).

---

[5]*Parker v. Colvin*, No. 11-3024, 2016 WL 951522, at *1 (E.D. La. Mar. 9, 2016).

A Rule 59(e) motion is not the proper place for "rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). The opinions and orders of this Court "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988).

Having established that the Motion falls under Rule 59(e) as a motion to alter or amend the judgment and having set forth the standards the Court must follow under Rule 59(e), the Court must now determine whether the UST has met the standards to alter or amend the Order pursuant to Rule 59(e).

## 2. Bankruptcy Code Statutory Framework

Section 327(a) of the Bankruptcy Code permits a trustee to hire professionals to represent and to assist it. "Congress has enacted a uniform scheme for retaining and compensating . . . [professionals] under 11 U.S.C. §§ 327-330. First under § 327(a), the [trustee] must obtain the bankruptcy court's approval to employ [an accountant]."[6] Once the [accountant's] employment has been approved under § 327(a), "an [accountant] . . . may request 'reasonable compensation for actual, necessary services rendered.' The bankruptcy court may exercise its discretion, upon motion or sua sponte, to 'award compensation that is less than the amount . . . requested.' *Id.* § 330(a)(2)."[7]

"The Bankruptcy Code requires that a professional retained by the [trustee] not 'hold or represent an interest adverse to the estate,' and that the professional be 'disinterested.' 11 U.S.C.

---

[6]*Barron & Newburger, PC v. Tex. Skyline, Ltd. (In re Woerner),* 783 F.3d 266, 271-72 (5th Cir. 2015).

[7]*Id.* at 272.

§ 327(a); *In re W.F. Dev. Corp.,* 905 F.2d 883, 884 (5th Cir.1990)."[8] Section 328(c) "provides a penalty for professionals who fail to satisfy § 327(a)'s dual requirements by authorizing the bankruptcy court to deny compensation for services and reimbursement of expenses."[9]

### 3. Case Law

As noted above, the Trustee filed an application to employ Horne under § 327, and the Court entered an order approving the application. Subsequently, the Court vacated the Order Authorizing the employment of Horne and denied the application to employ Horne. Horne sought to be paid for work it did for the bankruptcy estate, and the UST objected.

With this background, the issue before the Court is "whether a bankruptcy court *must* deny fees when it subsequently learns that a professional never should have been employed under § 327(a) in the first place or whether it has *discretion* to deny fees."[10] Horne argues that the Court has discretion while the UST argues that the Court does not have such discretion.

This is the exact issue faced by the Court of Appeals for the Seventh Circuit in *In re Crivello.*[11] In *Crivello*, the debtor filed an application to employ the law firm of Kravit, Gass & Weber (KGW) to represent him in his bankruptcy case. Subsequently, the bankruptcy court learned that KGW failed to disclose previous work it had done for the debtor and failed to disclose the prepetition claims it held against the debtor. The bankruptcy court revoked the order employing

---

[8] *Waldron v. Adams & Reese, L.L.P.* (*In re Am. Int'l Refinery, Inc.*), 676 F.3d 455, 461 (5th Cir. 2012).

[9] *Kravit, Gass & Weber, S.C. v. Michel (In re Crivello),* 134 F.3d 831, 836 (7th Cir. 1998) (citation omitted).

[10] *Id.*

[11] *Id.*

KGW and denied KGW all compensation. KGW appealed, and the district court affirmed the bankruptcy court's denial of all fees. KGW appealed the total denial of its attorneys' fees to the Seventh Circuit.[12]

The Seventh Circuit rejected the UST's argument that pursuant to § 328, the bankruptcy court did not have any discretion to award KGW attorneys' fees and expenses. Because the Court finds the Seventh Circuit's thorough interpretation of § 327(a) and § 328(c) to be insightful, the entire analysis is cited below:

> We reject the Trustee's interpretation of the Code as against the plain language of 11 U.S.C. § 328(c). The Trustee believes that § 328(c) applies *only* when a professional who previously satisfied the dual requirements of § 327(a) becomes either not disinterested or represents or holds an interest adverse to the interest of the estate *after* a bankruptcy court has correctly approved a professional as employable under § 327(a). To reach this result, the Trustee interprets the word "is" in § 328(c) to mean "becomes" and inserts the word "valid" before "employment." But there is no textual or structural evidence to support these limitations. Section 328 states that a court "*may* deny allowance of compensation"
>
>> if, *at any time during such professional person's employment* ... such professional person *is* not a disinterested person, or represents or holds an interest adverse to the interest of the estate with respect to the matter on which such professional person is employed.
>
> 11 U.S.C. § 328(c) (emphasis added).
>
> A reviewing court may not insert additional language into the Code to conform it with the court's view of bankruptcy law. If a bankruptcy court has the capacity to deny compensation when "at any time during such professional person's employment" that person is not disinterested, then only explicit language in the Code may limit this grant of discretion. Since the Code contains no such language, the bankruptcy court has discretion even if "at any time during ... employment" refers to the onset of employment. If a bankruptcy court errs in approving a professional person's employment, that person is either "not a disinterested person" or "represents or holds an interest adverse to the interest of the estate" for the entire duration of that person's employment. Under the plain language of the provision, § 328(c) covers

---

[12]"KGW concedes to this Court that it was not [disinterested]. *Id.*

questions about whether this erroneously employed professional merits compensation. Thus, a bankruptcy court has discretion in denying that professional's fees. *See Electro–Wire,* 40 F.3d at 359 (reasoning that "the language of 11 U.S.C. § 328(c) *permits* a court to deny compensation to professionals found not to be disinterested persons, but does not *require* a denial of fees"); *United States Trustee v. Price Waterhouse,* 19 F.3d 138, 142 (3d Cir.1994) ("[W]e interpret [§] 328(c) to mean that if a non-'disinterested' professional person is improperly employed, or if a professional person ceases to be 'disinterested' 'at any time during such professional person's employment,' the court may deny compensation and reimbursement.").

The Trustee suggests that the structure of § 328(c) demonstrates that bankruptcy courts have no discretion in denying fees if the professional person was erroneously employed. We disagree. The fact that a bankruptcy court has discretion in denying the applicant's compensation is not an indication that courts should limit § 328(c) to situations in which professionals subsequently fail to meet § 327(a) requirements after their approval. Rather, this allocation of power recognizes that bankruptcy courts are courts of equity. *See* 11 U.S.C. § 105(a). It is conceivable that even an interested professional may provide services which are beneficial to the estate. A bankruptcy court should weigh the equities in deciding whether to deny fees under § 328(c), just as it does in deciding to reduce fees under § 329. *See* 11 U.S.C. § 329; *see also In re Wiredyne, Inc.,* 3 F.3d 1125, 1128 (7th Cir.1993). To the extent that the Trustee contests the grant of discretion to a bankruptcy court to deny compensation to professionals who fail § 327(a)'s dual requirements, his argument is not for our ears but for Congress's. *See Gray v. English,* 30 F.3d 1319, 1324 (10th Cir.1994) ( "Although there is little indication why Congress made denial of fees in conflict situations discretionary, it appears to be a recognition that a simple denial rule might not be appropriate in modern complex situations.").

Moreover, contrary to the Sixth Circuit's holding in *Michel,* § 328(c) does not require that the professional person be *validly* employed under § 327(a). Section 328(c) simply requires that the professional person be "employed under section 327." 11 U.S.C. § 328(c). This phrase is not an invitation to question collaterally whether, in a world of perfect information, completely forthright counsel, and infallible courts, the bankruptcy court made the correct decision in approving a request to employ professionals. Rather, this phrase is evidence of the Bankruptcy Code's intention to require professionals to apply for employment under § 327 before they may receive compensation. KGW satisfied this prerequisite when the bankruptcy court approved its employment on February 8, 1993. This approval triggered the bankruptcy court's discretion under § 328(c).

To reach its interpretation, the United States Trustee nullifies the effect of the bankruptcy court's prior approval of KGW's petition for employment. The Trustee assumes that only a correct court order has any effect. *See Michel,* 44 F.3d at 1320

(holding that a "valid appointment under § 327(a) is a condition precedent" to § 328(c)).  According to the Trustee's interpretation, an erroneous approval is void *ab initio. See EWC,* 138 B.R. at 281.

The Trustee confuses an erroneous judgment with a void judgment.  A judgment is void, at least for the purposes of Fed.R.Civ.P. 60(b)(4), "'if the court that rendered it lacked jurisdiction of the subject matter, or one of the parties, or if it acted in a matter inconsistent with due process of law.'" *United States v. Indoor Cultivation Equip. From High Tech Indoor Garden Supply*, 55 F.3d 1311, 1316 (7th Cir.1995)(quoting *In re Edwards,* 962 F.2d 641, 644 (7th Cir.1992)).  Also, a judgment may be void, even if the court satisfies the above requirements, if it enters a decree "not within the powers granted to it by the law." *United States ex rel. Wilson v. Walker,* 109 U.S. 258, 266, 3 S.Ct. 277, 282, 27 L.Ed. 927 (1883); *see also United States v. Zima,* 766 F.2d 1153, 1159 (7th Cir.1985) (noting that a void judgment exists where a court renders a decision over matters beyond the scope of its authority).

A judgment is not void simply because it is erroneous.  *Gober v. Terra & Corp. (In re Gober),* 100 F.3d 1195, 1202 (5th Cir.1996); *Thomas v. Buster,* 95 F.3d 1449, 1460 n. 17 (9th Cir.1996); *DeWeerth v. Baldinger,* 38 F.3d 1266, 1272–74 (2d Cir.), *cert. denied,* 513 U.S. 1001, 115 S.Ct. 512, 130 L.Ed.2d 419 (1994); *Edwards,* 962 F.2d at 644; *Simer v. Rios,* 661 F.2d 655, 663 (7th Cir.1981).  The bankruptcy court in this case had personal and subject matter jurisdiction over Frank Crivello's bankruptcy.  The court acted in a manner consistent with due process in its approval of KGW, which is the decree the Bankruptcy Code specifically grants bankruptcy courts in § 327(a).  Thus, the bankruptcy court's approval of KGW as counsel to Crivello was at most an erroneous judgment, not a void one.  "[U]ntil it is reversed by orderly and proper proceedings," the fact that the approval was erroneous does not alter its effect. *United States v. United Mine Workers,* 330 U.S. 258, 293, 67 S.Ct. 677, 695–96, 91 L.Ed. 884 (1947); *see also Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 396, 110 S.Ct. 2447, 2456, 110 L.Ed.2d 359 (1990); *Bray v. United States,* 423 U.S. 73, 76, 96 S.Ct. 307, 310, 46 L.Ed.2d 215 (1979).

Unlike the Trustee's interpretation, our reading of the Bankruptcy Code ensures symmetry between §§ 327(a) and 328(c) without inserting additional language.  The Trustee would like to use § 328(c) to question collaterally whether a professional should be employed.  Section 328(c) does not govern whether a court should employ an interested person; § 327(a) provides the Code's response.  Our interpretation allows § 327(a) to act prospectively as a prerequisite for employment by signaling those professionals who fail to satisfy its dual requirements that they will be disqualified.  Once professionals have cleared that threshold, § 328(c) remains as a retroactive penalty for those professionals whose retention under § 327(a) was improper or who fail to satisfy § 327(a) requirements while working for the estate. *See In re Diamond Mortgage Corp.,* 135 B.R. 78, 89 (Bankr.N.D.Ill.1990). Interpreting the Code in this manner gives full effect to both § 327 and § 328.

> Finally, the Trustee attacks the interpretation we adopt as creating an incentive for professionals not to disclose. The duty to disclose under Fed.R.Bankr.P. 2014(a) is unquestionably a self-policing one. *Rome,* 19 F.3d at 59; *EWC,* 138 B.R. at 280. Bankruptcy courts have neither the resources nor the time to investigate the veracity of the information submitted in 2016(b) statements and affidavits and to root out the existence of undisclosed conflicts of interest. The Trustee suggests that professionals will be more willing to roll the dice and not disclose conflicts of interests if they know that a bankruptcy court is not required to deny all fees.
>
> Even though we recognize that the Code creates this unintended incentive, we believe that bankruptcy courts can minimize its effects with the appropriate application of their discretion under § 328(c). Before a bankruptcy court elects to award partial payment to a law firm or other professional that was improperly employed, it should consider whether the professional's failure to disclose was intentional. If any evidence exists to support an inference of intent, then the court should not fall prey to the professional's story of confusion, miscommunication, or negligence. We believe a bankruptcy court should punish a willful failure to disclose the connections required by Fed.R.Bankr.P. 2014 as severely as an attempt to put forth a fraud upon the court.
>
> Yet, it is not our role to reduce the discretion the Code affords bankruptcy courts by carving out an exception that requires the denial of fees if a professional willfully fails to disclose. Bankruptcy courts have been given wide latitude in connection with fact-intensive matters, like the terms and conditions of the employment of professionals. *See Casco N. Bank v. DN Assocs. (In re DN Assocs.),* 3 F.3d 512, 515 (1st Cir.1993). Being on the front line, a bankruptcy judge is "in the best position to gauge the ongoing interplay of factors and to make the delicate judgment calls which such a decision entails." *In re Martin,* 817 F.2d at 182. Section 328(c) requires this discretion in deciding whether the court should deny in whole or in part the fee request of an erroneously employed professional. We refuse any suggestion otherwise.

*In re Crivello*, 134 F.3d at 837-39.

The Court acknowledges that *Crivello*, is an opinion from the Seventh Circuit. Neither Horne nor the UST, however, have cited a case from the Fifth Circuit with the exact fact situation as was before the Seventh Circuit in *Crivello* and as is before this Court. The Court does, however,

find guidance in the Fifth Circuit's discussion of § 328(c) in *American International Refinery*.[13]

In *American International Refinery*, the debtor filed an application to employ Adams & Reese, L.L.P. (A&R) as its bankruptcy counsel, and the bankruptcy court approved the application. At some point during the case, the bankruptcy court discovered that A&R had failed to disclose the source of its retainer. The liquidating trustee filed a complaint seeking disgorgement of the fees paid to A&R. The bankruptcy court found that A&R did not have a disqualifying adverse interest, but did find that A&R failed to make adequate disclosures to the court. The bankruptcy court ordered A&R to disgorge $135,000.00 of the fees it had received. The liquidating trustee argued to the Fifth Circuit that since A&R was not disinterested, all fees received by A&R had to be disgorged.

After examining the standards under § 327, the Fifth Circuit adopted "the totality of the circumstances approach for deciding whether third-party payment of a retainer creates a disqualifying interest."[14] Applying the totality of the circumstances test, the Fifth Circuit affirmed the bankruptcy court's holding that A&R did not have a disqualifying adverse interest.

The Fifth Circuit then turned to the question of what penalty, if any, A&R should face under § 328 for its nondisclosures. Like the Seventh Circuit in *Crivello,* the Fifth Circuit followed the permissive view of § 328(c). The Fifth Circuit held that under § 328(c), "'[a] court may deny compensation for services provided by an attorney who holds such an adverse interest.' *West Delta Oil,* 432 F.3d at 354-55; 11 U.S.C. § 328(c). A bankruptcy court is not required, however, to deny all compensation if an attorney has an adverse interest and is found to not be disinterested."[15]

---

[13] *Supra* note 9, at 7.

[14] *In re Am. Int'l Refinery, Inc.*, 676 F.3d at 462 (footnote omitted).

[15] *Id.*

The UST argues that this Court is bound by the Fifth Circuit's prior opinion in *In re West Delta Oil Co., Inc.*[16] The Fifth Circuit, however, distinguished its prior decision of *West Delta Oil* from *American International Refinery.*

In *West Delta Oil,* the Fifth Circuit "held that disgorgement of all fees was required due to the profound nature of the conflict"[17] and the egregiousness of the actions of the attorneys for the debtor. The attorneys for the debtor in *West Delta Oil* "had an adverse interest because they were actively plotting to harm the estate for their own benefit. In that case, the attorneys for the debtor attempted to surreptitiously purchase the debtor through an outside investor, while also suppressing other bids to artificially depress the purchase price."[18]

Contrary to *West Delta Oil*, the Fifth Circuit found in *American International Refinery* that A&R's actions were suspicious, but unlike the attorneys in *West Delta Oil*, the court did not find any "evidence that A&R took action contrary to the interests of the estate or gave legal advice that was colored by loyalty to a third party."[19] The Fifth Circuit held: "Accordingly, we hold that the bankruptcy court was acting well within its discretion in ordering disgorgement of only a portion of the retainer."[20]

The Court finds *American International Refinery* to be more persuasive. Applying the holdings of *American International Refinery* and *Crivello* to the case at bar, the Court finds that

---

[16]*I.G. Petro., L.L.C. v. Fenasci (In re West Delta Oil Co., Inc.)* 432 F.3d 347 (5th Cir. 2005).

[17]*In re Am. Int'l Refinery, Inc.*, 676 F.3d at 464 (footnote omitted).

[18]*Id.* (citations omitted).

[19]*Id.*

[20]*Id.* at 466 (citations omitted).

under § 328 the Court has discretion to deny compensation to a professional that is interested.[21] Having found that the Court has discretion under § 328, the Court must look to the facts of the case at bar to determine whether the Court correctly exercised its discretion in awarding Horne part of the fees requested.

### 4. Application to the Case at Bar

At the trial on the Application, the Trustee testified that prior to filing an application to employ Horne, he and the attorney for Horne discussed Horne's prior claim against the Debtor. The Trustee stated that he filed the Application because he believed that Horne was disinterested and could serve as the accountant for the bankruptcy estate. (Trial Transcript at 10[22]).

The Trustee also testified as to some of the services performed by Horne which benefitted the bankruptcy estate: Horne was able to gain access to the Debtor's computers despite the fact that the Trustee was not given a password for the computers;[23] Horne set up Quickbooks for the Trustee so that he could access and process payroll records of the Debtor;[24] and Horne also prepared and

---

[21] *See In re Milwaukee Engraving Co., Inc.*, 219 F.3d 635, 639 (7th Cir. 2000) ("Emphasizing the word 'may' in § 328(c), we held that a bankruptcy court has discretion to allow some compensation for work by a professional who was actually, but improperly engaged under § 327."); *United States Trustee v. Price Waterhouse*, 19 F.3d 138, 142 (3rd Cir. 1994) ("[T]he court may deny compensation and reimbursement."); *Gray v. English,* 30 F.3d 1319, 1324 (10th Cir. 1994)("We are satisfied that § 328(c) was intended to give the bankruptcy court some discretion with respect to attorney fee awards when the attorney loses his disinterested status during the course of administering a bankrupt's estate."); and *Electro-Wire Products, Inc. v. Sirote & Permutt, P.C. (In re Prince),* 40 F.3d 356, 359 (11th Cir. 1994)("[T]he language of 11 U.S.C. § 328(c) *permits* a court to deny compensation to professionals found not to be disinterested persons, but does not *require* a denial of fees in those instances.").

[22] Dkt. #1205.

[23] Trial Transcript at 16.

[24] *Id* at 15-16.

filed the third quarter payroll tax return.[25]

Applying the Fifth Circuit's permissive view of § 328(c), the Court finds that it was within its discretion to deny only a portion of the fees requested by Horne. In its opinion in which the Court found that Horne had a disqualifying interest, the Court found that Horne's actions were, like A&R's in *American International Refinery*, "suspicious." The Court did not, however, find that there was any evidence that Horne had acted in such an egregious manner as the attorneys in *West Delta Oil* had. There was no finding that Horne in anyway acted contrary to the best interests of the bankruptcy estate and the debtor's creditors.

At trial on the Application, there was no testimony or evidence presented which showed that Horne acted in any manner which would be considered harmful toward the bankruptcy estate. The Court finds that the egregious conduct found in *West Delta Oil* is not present in the case at bar. Consequently, the Court finds that the total denial of fees as was warranted in *West Delta Oil* is not warranted in the case at bar.

Like the trustee in *Crivello*, the UST asserts that once the Court vacated the Order Authorizing, the Order Authorizing became void *ab initio.* The Court rejects this argument. As acknowledged by the Seventh Circuit, "[a] judgment is not void simply because it is erroneous. *See Gober v. Terra & Corp. (In re Gober),* 100 F.3d 1195, 1202 (5th Cir. 1996)."[26] Further, the Court agrees with the analysis of the Seventh Circuit that § 328 cannot be read as: "if, at any time during such professional persons' *valid* employment . . . such professional *becomes an interested* person." 11 U.S.C. § 328(c) (modification and emphasis added).

---

[25]*Id* at. 18.

[26]*In re Crivello,* 134 F.3d at 838 (citations omitted).

## CONCLUSION

It is clear that under § 328(c), the Court *may* deny compensation to a professional found not to be disinterested, but the Court is not required to deny compensation. "Courts *may* deny all compensation to professionals who fail to make adequate disclosure, and 'counsel who fail to disclose timely and completely their connections proceed at their own risk because failure to disclose is sufficient grounds to revoke an employment order and deny compensation.'" *In re Am. Int'l Refinery, Inc.*, 676 F.3d at 465-66 (emphasis added). "The decision whether to deny fees to a professional who is not disinterested is within the discretion of the bankruptcy court." 3 *Collier on Bankruptcy* ¶ 328.05[4] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).

After considering all testimony and evidence presented and arguments of both sides, the Court, in its discretion, concluded that Horne was entitled to some compensation, but not to all of the compensation it requested. The Court denied fees in the amount of $178.54 which were incurred after the Court entered its order vacating the Order Authorizing. As for the fees requested for work performed after the Order Authorizing was entered on August 18, 2019, and before December 17, 2010, when the Court vacated the Order Authorizing and denied the application to employ Horne, the Court ordered that $4000.00 of Horne's application would be denied as a sanction for Horne's failure to make a full disclosure to the Court.

The Court finds that the Motion revels no basis for the Court to alter or amend its Order. The Motion does not demonstrate that the Court made a manifest error of law or fact as contemplated by Rule 59(e). "'Whatever may be the purpose of Rule 59(e), it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge.' *Stark v. Univ. of S. Miss.*, 8 F.Supp.3d 825, 844 (S.D. Miss. 2014) (quoting *Nationwide Mut. Fire Ins. Co. v. Pham*, 193

F.R.D. 493, 494 (S.D. Miss. 2000))" *Robinson v. Wheeler, et al.*, No. 4:15-CV-104, 2016 WL 4384745, at *2 (N.D. Miss. Aug. 16, 2016). Consequently, the Court finds that the Motion should be denied.

To the extent the Court has not addressed any of the parties' other arguments or positions, it has considered them and determined that they would not alter the result.

A separate order consistent with this Opinion will be entered in accordance with Rule 9014 of the Federal Rules of Bankruptcy Procedure.

## ##END OF FINDINGS##